Per Curiam.
In this indictment, Samuel Guldin, the plaintiff in error, a petitioner for the benefit of the insolvent *555 laws, is charged with fraudulently concealing 1300 dollars, part of his estate, from his creditors, with intent to defraud _ them, “ and in order to expect and derive future benefit to himselff contrary to the form of the acts of assembly in such cases made and provided. There are two acts of assembly on this subject. By the first, made the 18th March, 1816, any debtor petitioning for the benefit of the insolvent laws, “ who shall conceal, or convey to any person or persons, for the use of himself or his family or friends, whereby to expect any future benefit to him or them, any part of his estate effects, or credits, shall, on being duly convicted thereof, suffer imprisonment for a term not less than one year, nor more than three year's, at the discretion of the Court.” By the second act, passed the 29th January, 1820, any debtor petitioning as aforesaid, “ who shall fraudulently conceal or convey any part or his estate, effects or credits, for the use of himself family, or friends, shall, on conviction, undergo a servitude at hard labour for a term not less than one, nor more than seven years, to be fed, clothed, and treated as in such like cases is directed by the laws of this Commonwealth.” The indictment, in this case, appears to be founded on the first of these laws, because the offence is described in.the "words of this law ; the debtor concealed part of his estate, -with an expectation of deriving future benefit to himself But to bring the offence within the act of January, 1820, the concealment should have been for the use of himself and not merely with an expectation of deriving future benefit. However small the difference between these two of-fences may be, we have no right to inflict on one, the punishment which the Legislature has inflicted on the other. The punishments in these two acts of assembly are very different, The latter is much the most severe. The judgment in this case must, therefore, be erroneous; because, for an offence under the act of 1816, a punishment has been inflicted under the act of 1820.
It is the opinion of the Court, that the judgment should be Reversed.
Judgment reversed-.